UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

LAURIE K.,

                        **Plaintiff,**

   vs.                                                         **3:25-CV-411**
                                                                          **(MAD/MJK)**

COMMISSIONER OF SOCIAL SECURITY,

                        **Defendant.**

_____

APPEARANCES:                                  OF COUNSEL:

**OLINSKY LAW GROUP**                         **HOWARD D. OLINSKY, ESQ.**
250 South Clinton Street - Suite 210          **MATTHEW MCGARRY, ESQ.**
Syracuse, New York 13202
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**            **CANDACE BROWN CASEY, ESQ.**
6401 Security Boulevard
Baltimore, Maryland 21235
Attorney for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

Plaintiff Laurie K. commenced this action pursuant to 42 U.S.C. § 405(g) seeking review of the decision of the Commissioner of Social Security denying her application for supplemental security income benefits, which she filed on April 29, 2015.  *See* Dkt. No. 1.  In a Report-Recommendation dated December April 21, 2026, Magistrate Mitchell J. Katz recommended that (1) Plaintiff's motion for judgment on the pleadings be granted; (2) Defendant's motion for judgment on the pleadings be denied; and (3) the Commissioner's decision be reversed and remanded solely for the calculation of benefits.  *See* Dkt. No. 28.  Neither party filed objections.

1

When no objections are made to a magistrate judge's recommendations, the Court reviews a report-recommendation for only clear error. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 229 (N.D.N.Y. 2012) (citing FED. R. CIV. P. 72(b), Advisory Committee Note: 1983); *see also Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Peterson*, 2 F. Supp. 3d at 229 (citation omitted). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court finds no clear error in the Report-Recommendation. Magistrate Judge Katz appropriately recited the procedural and factual background of the case as well as the applicable legal standards. *See* Dkt. No. 28 at 1-10. Magistrate Judge Katz then correctly concluded that Plaintiff's case should be remanded solely for the calculation of benefits. As Magistrate Judge Katz noted, both parties agreed that the case required remand. *See id.* at 10; *see also* Dkt. No. 15 at 11; Dkt. No. 22 at 6. The parties disagreed, however, as to whether the case should be remanded for further proceedings or for the calculation of benefits. *See* Dkt. No. 28 at 11. The Court finds no clear error in Magistrate Judge Katz's recommendation to remand the case for the calculation of benefits. *See id.*

As Magistrate Judge Katz explained, Plaintiff's application for benefits has been pending for eleven years and gone through numerous administrative and court cycles, there is persuasive evidence supporting Plaintiff being totally disabled, and the Commissioner sought remand "for further consideration of [the treating physician's] medical opinion"—which was the precise reason for the previous remands. Dkt. No. 22 at 6; *see* Dkt. No. 28 at 11-28. Because the Court finds no clear error in Magistrate Judge Katz's analysis or conclusion, remand solely for the calculation of

benefits is appropriate. *See Clinton George K. v. Comm'r of Soc. Sec.*, No. 1:25-CV-03858, 2026 WL 1020725, *6 (S.D.N.Y. Apr. 15, 2026) ("Plaintiff's application has been pending for more than six years, and this matter has already been remanded once. . . . '[C]ourts in this Circuit have determined that, where one or more ALJs in a case have repeatedly erred in applying the treating physician rule, remand for further development of the record is unwarranted'") (collecting cases).

Accordingly, after carefully reviewing the Report-Recommendation, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Katz's Report-Recommendation (Dkt. No. 28) is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 15) is **GRANTED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings (Dkt. No. 22) is **DENIED**; and the Court further

**ORDERS** that the Commissioner's decision is **REVERSED and REMANDED SOLELY FOR THE CALCULATION OF BENEFITS**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Plaintiff's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated:  May 15, 2026
       Albany, New York

Mae A. D'Agostino
U.S. District Judge

3